UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL B. SAUNDERS            :
                               :
        V.                     :
                               :
COMMISSIONER,                  :
DEPARTMENT OF CORRECTION       :           October 2, 2010

## MOTION FOR JUDICIAL INTERVENTION

The petitioner, Randall Saunders, respectfully requests an order directing the Connecticut Department of Correction, specifically Enfield Correctional Institute, to accept and deliver to Saunders all incoming mail from P.O. Box 1598, North Beach, MD 20714 marked "legal correspondence".

This mail is to be treated as legal mail and opened in accordance with directive 10.7 in Saunders presence and without delay.

In support of this application Saunders represents that he is pro se in this proceeding and his work product is being held for weeks; when it is delivered, it isn't even in the envelope in which it was sent. These delays are preventing him from meeting deadlines set by the courts.

As an inmate, Saunders is required to write motions and send to his power of attorney to type and send. He is also reliant on her to research specific claims relevant to the subject matter. Once typed, a rough draft is sent "legal correspondence" for edits.

As of this writing, there are 2 briefs, expedited court transcripts and case law research that was confirmed "delivered" by the United States Postal Service last week, yet has not been received by this petitioner.

Saunders made this court aware by way of notice to court (document #9) of prior

1

occurrences.

In recognition, after the notice to court was sent, a ranking officer instructed Saunders to send legal correspondence directly to them. Saunders complied; now the legal correspondence is intercepted prompting this application.

Our United States Supreme Court as well as our state Supreme Court have consistently ruled "the inviolability of the right to self-representation", quoting *State v. Brown*, 256 Conn. 291, 302, 772 A.2d1107,cert. denied, 534 U.S. 1068, 122 S.Ct 670, 151 L.Ed. 2d 584 (2001); and that right "is also consistent with the ideal of due process as an expression of fundamental fairness."

It is patently unfair to send work product to opposing party and allow them to open it out of his presence and delay its delivery.

Saunders' designated power of attorney is Patricia Joy. Joy is designated by way of Connecticut chapter 7 short form power of attorney sections 1-54 (3) and 1-56; this designation was specific to prevent third party waiver of legal files.  All "legal correspondence" is work product generated by Saunders to Joy and disseminated to their respective destinations.

Prison officials cannot hinder efforts to pursue a legal claim or prevent an inmate from meeting a deadline or presenting an effective claim. *Bounds v. Smith*, 430 U.S. 817-21 (1977)

Also, prisoners have the right not to be retaliated against for exercising their right of access to the courts. *Colon v. Coughlin*, 58 F.3d 865, 873 (2nd Cir. 1995)

Saunders was transferred to Enfield C.I. as a result of a level reduction. For the last 12 years Saunders was able to receive "legal correspondence" in this manner as a result of

his compliance with inmate property restrictions. Saunders file is in excess of 20 boxes. The Enfield C.I. inmate handbook at 13, section 9, subsection D states:

**Privileged Correspondence:**

Privileged correspondence is correspondence to and from a state or federal court, any elected government official, the commissioner of correction or any appointee of the commissioner, attorney general, the board of parole, the sentence review board, the commissioner on human rights and opportunities, the commissioner of claims, the board of pardons, the correctional ombudsman and attorneys.

1) Privileged correspondence must be clearly marked; and
2) incoming privileged correspondence will be opened in the presence of the inmate, inspected for contraband but not read.

No mention of pro se or self-represented litigants.

The department of correction's policy regarding incoming privileged correspondence is set forth in administrative directive 10.7 (3) (F):

The definition of privileged communication is any telephone call placed on behalf of an inmate by the facility or any written correspondence addressed to or received from federal, state or local elected and appointed public officials including **but not limited to** the following... (The list is identical to that above.)

No mention of pro se or self-represented litigants, or perhaps Saunders fits within the category of "but not limited to".

Saunders seeks intervention as a last resort not the first.

Legal counsel for the department of correction, attorney Nancy Case O'Brasky's reply dated March 1, 2010 is noteworthy.

3

O'Brasky writes:

> It is well settled that one granted the "power of attorney" is not an individual "acting as an attorney". The relationship between the person with the power of attorney and the person giving that individual that right is not an attorney-client relationship and cannot be construed as such.
>
> The power of attorney does not make one an attorney; it merely permits one to perform certain specified acts on behalf of the person in the way and to the extent that the person can act for himself. Significantly, it does not permit one to practice law. That is a right that cannot be conferred by the power of attorney. Mail to or from a person designated as having power of attorney is not legal mail, accordingly, your correspondence with such individual is not privileged correspondence.

There has been no claim by Saunders in regard to that application and time constraints preclude further interpretations from that office.

Saunders respectfully requests this court's judicial order directing Enfield C.I. to handle mail clearly marked "legal correspondence" from P.O. Box 1598, North Beach, MD 20714 be opened in his presence without delay pursuant to inmate handbook at 13, section 9, subsection D(2) or request the commissioner of correction inform pro-se inmates of the available work product protection as self-representation is a constitutional right.

Respectfully submitted,

/s/ Randall B. Saunders

Randall B. Saunders

4

## CERTIFICATE OF SERVICE

On <u>October 4, 2010</u> I served this motion within by depositing a true copy thereof in a postage prepaid envelope in a depository within the exclusive care of the United States Postal Service addressed to all parties of record.

/s/ RBS

Randall B. Saunders

Tamara Grosso, Esq.
300 Corporate Place
Rocky Hill, CT 06067

Randall B. Saunders
Enfield Correctional Institute
289 Shaker Road
P.O. Box 1500
Enfield, CT 06082