## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL BROOKS SAUNDERS, | : | |
| | : | |
| Petitioner, | : | No. 10cv410 (MRK) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER, DEPARTMENT OF | : | |
| CORRECTION, | : | |
| | : | |
| Respondent. | : | |

## RULING AND ORDER

On March 21, 2001, a jury in the Connecticut Superior Court convicted Petitioner Randall Saunders of manslaughter in the first degree with firearm, in violation of Connecticut General Statutes § 53a-55(a)(3).  Thereafter, Mr. Saunders was sentenced to a total effective sentence of 27 years incarceration.  He brought this action in federal court against the Commissioner of the Department of Correction (the "Commissioner") under 28 U.S.C. § 2254.  The Commissioner now moves to dismiss this action because Mr. Saunders has not exhausted his federal claims in state court.  *See* Mot. to Dismiss [doc. # 17]. Because the Court agrees that Mr. Saunders has not exhausted his federal claims, and that there is no reason to excuse him from doing so, the Court GRANTS the Commissioner's Motion to Dismiss. The Court also DENIES as moot Mr. Saunders' pending Motion for Reconsideration/Clarification [doc. # 27].

### I.

The Connecticut Supreme Court's opinion in *State v. Saunders*, 267 Conn. 363 (2004) ("*Saunders I*"), discusses the facts of Mr. Saunders' case and the Court will not repeat those facts

here. After Mr. Saunders was convicted and sentenced, he filed an appeal with the Connecticut Supreme Court. *See Saunders I*, 267 Conn. 363.[1] On January 13, 2004, the Connecticut Supreme Court affirmed Mr. Saunders' judgment of conviction. *See id.* Thereafter, Mr. Saunders sought review in the United States Supreme Court, which denied his petition for certiorari on May 3, 2004. *See Saunders v. Connecticut*, 541 U.S. 1036 (2004) ("*Saunders II*").

While his petition for certiorari was pending, Mr. Saunders also submitted a state habeas corpus petition, alleging ineffective assistance of trial and appellate counsel, insufficient evidence, double jeopardy, judicial misconduct, and prosecutorial misconduct. On the day Mr. Saunders' state habeas petition was scheduled to proceed to trial, he withdrew that petition. On January 11, 2006, Mr. Saunders filed a second state habeas petition, which the Superior Court denied on January 23, 2006. Thereafter, on February 3, 2006, Mr. Saunders filed a third state habeas petition. That action was tried over three days in August 2010. Post-trial briefs were submitted in November 2010, and the Court is informed that the Superior Court judge is working on the memorandum of decision regarding Mr. Saunders' third state habeas petition. *See* Respondent's Status Report [doc. # 32].

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (codified at, 28 U.S.C. § 2254), provides that before a federal court may consider a state prisoner's habeas petition, the prisoner must exhaust his available state remedies.

---

[1] Mr. Saunders initially appealed to the Connecticut Appellate Court, but because he should have taken his appeal directly to the Connecticut Supreme Court, his appeal was transferred to the Supreme Court. *See* Conn. Gen. Stat. § 51-199(b)(3) (stating that "matters [that] shall be taken directly to the Supreme Court" include "an appeal in any criminal action involving a conviction for a capital felony, class A felony, or other felony . . . for which the maximum sentence . . . exceeds twenty years"); *Saunders I*, 267 Conn. at 365 n.3.

*See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To do so, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir.2001) (quotation marks and citations omitted). The prisoner need not wait until he has sought state habeas review, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but state high-court review of the prisoner's federal claims is a prerequisite. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (noting that a state habeas petitioner "must first have presented his claim to the highest court of the state"). In other words, federal review of a state prisoner's habeas petition is forbidden until "the state courts [are given] one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir.2005) (quotation marks omitted).

This exhaustion requirement is designed to "prevent[ ] prisoners who are charged with criminal offenses from rushing into federal court to advance federal claims and, instead, forces them to offer those claims at trial and on direct review in state court." Larry W. Yackle, *Federal Courts: Habeas Corpus* 152 (2003); *see Disimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008). "[B]y giving state courts an opportunity to correct any constitutional errors that may have crept into the state criminal process," the exhaustion requirement "pay[s] due respect to the federalist principles of our Constitution." *Edwards v. Choinski*, No. 3:05cv444 (MRK), 2005 WL 3334442, at *3 (D. Conn. Dec. 5, 2005); *see Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam).

### III.

Mr. Saunders does not seriously argue in his brief that he has exhausted his claims in state court. Instead, he claims that he is excused from the requirement of exhaustion because: (1) he is

actually innocent of the crime for which he was convicted; (2) there has been inordinate delay in his state habeas case; and (3) Mr. Saunders' counsel in his pending state habeas case was ineffective, and the state habeas action is therefore an ineffective route for him to address his claims. *See* Mem. in Opp'n [doc. # 30].

The Court finds that all of the arguments offered by Mr. Saunders in support of his claim that he is excused from the exhaustion requirement are without merit.

### A.

Mr. Saunders alleges that he is actually innocent of the charge brought against him in state court – manslaughter in the first degree with a firearm – and claims that this allows him to avoid exhaustion. He is wrong for two reasons. First, "[a]n exception to the exhaustion requirement may be made '*only if* there is *no opportunity* to obtain redress in state court or if the [state] corrective process is *so clearly deficient* as to render *futile* any effort to obtain relief.'" *Ellman v. Davis*, 42 F.3d 144, 149 (2d Cir. 1994) (emphasis and second alteration in original) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). No such situation is presented here.

"Actual innocence" cannot provide a basis for the Court to consider Mr. Saunders' unexhausted claims because there has been no showing that it would be futile for Mr. Saunders to pursue those claims in state court on account of procedural default or some other bar to relief. When state courts to which a habeas petitioner must first submit his claims would find those claims procedurally barred, "federal habeas courts must also deem the claims procedurally defaulted." *Aparicio*, 269 F.3d at 90. The state prisoner can raise his procedurally defaulted claims in federal court only if he can first show (1) cause and prejudice, or (2) that he is actually innocent. *See Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008). Mr. Saunders relies on the the second exception to the

procedural default rule. But because Mr. Saunders' claims have not been procedurally defaulted, that exception is inapplicable. Nor is there any other reason for the Court to conclude that pursuit of Mr. Saunders' federal claims in the state courts would be futile. The Superior Court is currently considering Mr. Saunders' state habeas petition, and there is no evidence of any Connecticut law or gap in the state's corrective process that would preclude consideration of any of Mr. Saunders' claims. *See Ellman*, 42 F.3d at 149 (finding that where supposed "procedural obstacles" faced by the petitioner in state proceedings were in fact "reasonable procedural requirements," the petitioner was not excused from the federal habeas exhaustion requirement).

While there is no Second Circuit decision that directly addresses the possibility of an "actual innocence" exception to the exhaustion requirement, other courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies – remedies, the Court might add, that Mr. Saunders has invoked. For example, in *Lambert v. Blackwell*, 134 F.3d 506 (3d Cir. 1997), the district court had found that a Pennsylvania law which eliminated the waiver exception for actual innocence or procedural default had left the petitioner (who claimed, among other things, actual innocence) without a state forum in which to raise her claims of error, and thus that the petitioner was excused from exhausting those claims in state court. *See id.* at 511-12. The Third Circuit, though, did not accept that the petitioner's unexhausted claims were necessarily waived as a matter of state law. *See id.* at 512 n.16. Because the Third Circuit could not "say with certainty that state review of [the petitioner's] claims [was] precluded," it "[did] not find any exceptional circumstances that would warrant consideration of [the petitioner's] unexhausted claims," *id.* at 516, – despite the fact that "[t]he district court obviously found substantial merit to [the petitioner's] claim[] of actual innocence." *Id.* at 515. Confronting a

habeas petition that asserted actual innocence as an independent constitutional ground for relief, the Fifth Circuit held in *Graham v. Johnson*, 94 F.3d 958 (5th Cir. 1996), that because the petitioner had not shown that "resort . . . to the state courts" with respect to his actual innocence claim would be futile, he was not excused from exhaustion of that claim. *Id*. at 969.[2]  The Court is aware of no decision from any federal court of appeals excusing a habeas petitioner from exhausting available state remedies on the basis that the petitioner was "actually innocent."

Second, even if actual innocence were an exception to the exhaustion requirement, to demonstrate actual innocence, Mr. Saunders would have to show factual innocence, not "mere legal insufficiency" of the evidence used to convict him. *Bousley v. United States*, 523 U.S. 614, 624 (1998). As the Second Circuit noted in *Doe v. Menafee*, 391 F.3d 147 (2d Cir. 2004), when a petitioner wants to overcome a procedural bar to his petition on the basis of actual innocence, "[t]he petitioner must support his claim 'with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'"  *Id.* at 161 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "To establish actual innocence, a petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror could have convicted him." *Sweet v. Bennett*, 353 F.3dd 135, 142 (2d. Cir. 2003).

In this case, eyewitnesses testified at Mr. Saunders' trial, and Mr. Saunders' defense to the

---

[2] In the context of a habeas petition like Mr. Saunders', a claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quotation marks and citation omitted).  In *Graham v. Johnson*, 94 F.3d 958, the petitioner – who was facing execution – relied on "the opinions of five justices in *Herrera v. Collins*, 506 U.S. 390 (1993), that the *execution* of an innocent person would violate the Constitution." *Graham*, 94 F.3d at 964 (emphasis added) (quotation marks omitted).

charge against him was that he acted in self-defense. The Connecticut Supreme Court observed that at trial, the State presented evidence undermining Mr. Saunders' claim of self-defense:

> The state adduced evidence tending to contradict the factual foundation of the defendant's claim of self-defense. In particular, the state's evidence undermined the veracity of the defendant's version of the incident as reflected in his written statement. First, testimony of certain state's witnesses that the defendant walked over to the bar and placed a gun to the victim's head or neck contradicted the defendant's assertion that the victim had initiated the altercation. Indeed, the defendant did not acknowledge that he had pulled out his gun when he first approached the victim; according to the defendant, he unholstered his gun only after the victim physically had assaulted him. Second, the evidence adduced by the state established that, contrary to the defendant's statement, he did not holster his gun until after he had left the bar area and proceeded into the kitchen. Third, several witnesses testified that they had heard the victim make a statement as he entered the kitchen and approached the defendant, but there was no evidence to corroborate the defendant's assertion that he had warned the victim that he would shoot him if the victim continued to move toward him. Fourth, the state presented forensic evidence that the defendant was approximately two to three feet from the victim when he fired at him, rather than fifteen to twenty feet away as the defendant had asserted in his statement.

*Saunders I*, 267 Conn. at 370-71.

Mr. Saunders' claim of "actual innocence" is based on an argument that because the jury unanimously found that he was not guilty of intentional manslaughter, the jury must have accepted his self-defense theory – notwithstanding the fact that the jury unanimously found Mr. Saunders guilty of reckless manslaughter. *See* Mem. in Opp'n [doc. # 30] at 2, 16, 24. Leaving aside the question of whether that argument has any merit, it does not support a claim that Mr. Saunders is factually innocent – that he *in fact* acted in self-defense. Although Mr. Saunders also alleges that the prosecution "destroyed" material evidence, *see* Pet. [doc. # 1-1] at 28, Mr. Saunders has not submitted any new evidence in support of his self-defense theory. Therefore, even if actual innocence were an excuse for failure to exhaust available state remedies, Mr. Saunders' actual innocence claim would not offer a gateway for this Court to consider his Petition. *See, e.g., Jones*

*v. Armstrong*, 367 F. App'x 256, 259 (2d Cir. 2010) (summary order) (explaining that the petitioner's argument that the jury had placed too much emphasis on some evidence and not enough emphasis on other evidence "[did] not make out an actual innocence claim").

**B.**

Mr. Saunders' second argument for why he should be excused from the exhaustion requirement is that there has been an inordinate delay in his state habeas proceedings. The Court finds no support for that argument. "[A]n inordinate and unjustified delay in the state corrective process" may be cause for a federal court to consider a state prisoner's habeas petition, notwithstanding the petitioner's failure to exhaust his state remedies. *United States* ex rel. *Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972). For example, the Second Circuit has held that "[t]he doctrine of exhaustion of state remedies does not require a prisoner to wait . . . even three or four years before enlisting federal aid to expedite an appeal." *Simmons v. Reynolds*, 898 F.2d 865, 870 (2d Cir. 1990). Mr. Saunders, however, complains of a delay of nine or ten months, which is not a period so lengthy as to "render state collateral proceedings ineffective for the purposes of the exhaustion requirement." *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (observing that in the Third Circuit, thirty-three months was the length of the shortest delay held to render the state collateral proceedings ineffective for purposes of exhaustion); *see also Simmons*, 898 F.2d at 870 (finding that a delay of six years in the state courts' consideration of the petitioner's criminal appeal constituted an inordinate delay, but stating that the court "[did] not . . . determine, and . . . [might] never have to define precisely, a specific interval of time after which a habeas petition based on delay of a state prisoner's appeal would excuse compliance with the federal exhaustion requirement").

Furthermore, post-hearing briefs in Mr. Saunders' state habeas case were not submitted until

November, and defense counsel has reported to the Court that the Superior Court judge is working on the decision at this time. The delay that Mr. Saunders has faced in his state habeas proceedings clearly has not transformed those proceedings into "a 'meaningless ritual.'" *Simmons*, 898 F.2d at 867 (quoting *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)). Therefore, Mr. Saunders cannot be excused from exhaustion of state remedies on the ground of inordinate delay.

### C.

Finally, Mr. Saunders complains generally that the state process is not sufficient to redress his claims and that his state habeas counsel was ineffective, along with his trial and appellate counsel. The Superior Court held a three-day hearing on Mr. Saunders' claims. While Mr. Saunders believes that his state habeas lawyer was ineffective, it will be impossible to determine whether that belief is justified until the Superior Court issues its decision on Mr. Saunders' habeas claims. And thereafter, if the Superior Court rejects his petition, Mr. Saunders can appeal the Superior Court's decision to the Appellate Court and the Connecticut Supreme Court. As noted already, Mr. Saunders has made no showing that the State's "corrective process is *so clearly deficient* as to render *futile* any effort to obtain relief." *Ellman*, 42 F.3d at 149 (quoting *Duckworth*, 454 U.S. at 3). Therefore, the alleged problems with the state habeas proceedings do not excuse Mr. Saunders from pursuing the state remedies he himself has invoked.

### IV.

Accordingly, The Commissioner's Motion to Dismiss [doc. # 17] is **GRANTED**. Mr. Saunders' Petition for Writ of Habeas Corpus [doc. # 1] is **DISMISSED** without prejudice to renewal after Mr. Saunders has exhausted his state remedies. Mr. Saunders' Motion for Reconsideration/Clarification [doc. # 27] is **DENIED** as moot. Because reasonable jurists would not find it debatable that Mr.

Saunders has failed to exhaust available state court remedies, nor that his failure to do so is a permissible ground for dismissing his § 2254 petition without prejudice, the Court declines to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). **The Clerk is directed to close this file.**

IT IS SO ORDERED,

/s/       Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 15, 2011.**